IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES M. GREGG | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 15-6577 |
| PAUL CRESSMAN, et al. | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                              **APRIL 26, 2016**

    A former property owner suing a bank's lawyers for foreclosing on his mortgage in state court generally cannot ask a federal district court to overturn the foreclosure. Under the familiar *Rooker-Feldman* doctrine, we are not a state appellate court. But he may have a statutory remedy if the bank's lawyers violated the Fair Debt Collection Practices Act by failing to timely validate his debt in response to a timely request. This remedy requires he comply with the statute. When, as here, he has not plead a timely request for validation, we dismiss his Complaint in the accompanying Order but grant him limited leave to plead, if he can in Rule 11 good faith, the prerequisites for a statutory claim not challenging the state court foreclosure.

**I.      Facts**

    Charles M. Gregg sues Paul Cressman and Adam H. Davis, attorneys with the law firm Phelan Hallinan Diamond & Jones, LLP (the "Phelan Firm") alleging they violated of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2 ("UTPCPL").[1]

    Gregg allegedly owned property in Philadelphia (the "Property").[2] On May 21, 2010, Deutsche Bank National Trust Company ("Deutsche Bank") filed a mortgage foreclosure action against Gregg in the Philadelphia County Court of Common Pleas.[3] Gregg did not answer the

state court foreclosure complaint. On August 23, 2010, Deutsche Bank moved for a default judgment against and the state court granted its motion.[4] On January 20, 2012, the state court issued a writ of execution for the Property.[5] Gregg successfully petitioned to postpone the sheriff's sale multiple times.[6]

On November 13, 2012, Gregg voluntary filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Pennsylvania.[7] Gregg's bankruptcy filing automatically stayed the foreclosure action. On December 6, 2012, Deutsche Bank moved for relief from the automatic stay and on January 2, 2013, the bankruptcy court granted Deutsche Bank relief from the stay.[8]

After Gregg's extended motion practice and a failed removal attempt and an abandoned and appeal to the Pennsylvania Superior Court, the Phelan firm entered its appearance in the foreclosure action, on behalf of Deutsche Bank, on September 17, 2014.[9] On June 17, 2015, and then on September 2, 2015, Attorneys Cressman and Davis continued the sheriff's sale scheduled for the Property.[10] On October 9, 2015, Gregg moved to strike the default judgment entered against him.[11] The state court denied the motion and the Sheriff sold the Property at Sheriff's Sale to Deutsche Bank, through its lawyers at the Phelan Firm, on November 11, 2015.[12]

Gregg alleges he received a "Statement of Debt Collection" from the Phelan Firm alleging a debt in June 2015.[13] Gregg alleges he requested on August 24, 2015, through a fax to Attorney Cressman, the Phelan Firm validate the debt under § 1692g of the Act.[14] Gregg further alleges he sent another validation request on September 9, 2015.[15] Gregg alleges the bank lawyers violated the Act "in failing to respond to [his] Proof of Validation."[16] Gregg also alleges the bank lawyers violated "local rules" and the UTPCPL by "skirt[ing] the statute of limitations" contained in 42 Pa. Cons. Stat. ¶ 5526, pertaining to revival actions.[17]

II.     Analysis[18]

The bank lawyers move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) arguing we lack subject matter jurisdiction and Gregg fails to state a claim.[19] The lawyers argue the *Rooker-Feldman* doctrine precludes this court from exercising subject-matter jurisdiction because Gregg's case attempts to reverse the state foreclosure action and granting the requested relief would result in this Court reviewing and rejecting the state court judgment.

A.     **Rooker-Feldman does not bar Gregg's claim.**

The *Rooker-Feldman* doctrine derives from two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 .S. 462 (1983). The doctrine precludes this Court from exercising subject matter jurisdiction over a suit which is essentially an appeal of a state court decision.[20] This "narrow doctrine" only applies in "limited circumstances" where "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments."[21] The doctrine "is not triggered simply by the entry of judgment in the state court."[22] Rather, there are four requirements which must be met for *Rooker-Feldman*: 1) the federal plaintiff lost in state court; 2) the federal plaintiff complains of injuries caused by the state-court judgments; 3) the state court judgments were rendered before she filed the federal suit; and 4) the plaintiff is inviting the district court to review and reject the state judgments.[23] The first and third requirements are procedural while the second and fourth requirements "are the key to determining whether a federal suit presents an independent, non-barred claim."[24]

The *Rooker-Feldman* doctrine does not apply. Gregg is not necessarily complaining of injury caused by the entry of the state court judgment. He is simply complaining of the lawyers'

conduct allegedly violating the Act. If Gregg were ultimately successful we see no reason why we would be forced to review and reject the state court default judgment entered in the foreclosure proceeding. None of the cases cited by Defendants militate a different outcome. Gregg is not complaining he was "denied due process during the state proceedings."[25] Nor does Gregg seek to challenge Deutsch Bank's standing to bring the foreclosure action.[26] Gregg is not asserting the state court "erroneously entered" the default due to the invalidity of any mortgage assignment or a "wrongful foreclosure" procedure.[27] To the extent Gregg seeks this relief, his claims are barred. But reading the complaint with deference to him as confirmed in oral argument, we do not find deciding the issue presented by Gregg requires review and rejection of the state judgment and the *Rooker-Feldman* doctrine does not apply.

### B. Fair Debt Collection Claim

Gregg alleges the lawyers violated § 1692g of the Act by failing to respond to his validation requests. Section 1692g relates to "validation of debts" and provides the content which debt collectors must include in an "initial communication" with a debtor.

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ 1692g(a). If, within the Act's thirty (30) day period, a consumer disputes the validity of the debt or requests other information concerning the alleged debt, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment."

As we interpret Gregg's sparse complaint, we conclude he is not challenging the sufficiency of the notice's content. Rather, he appears to be alleging the lawyers did not respond to his request for validation. His claim nevertheless fails because Gregg alleges he failed to respond to the notice of debt letter within the thirty-day (30) period provided by the statute. Gregg's pleads he received the "Statement of Debt Collection" letter in June 2015.[28] He then responded to the letter on August 24, 2015.[29] This is a period of approximately sixty (60) days. Gregg's complaint fails to state a claim for violating § 1692g.

Defendants argue Gregg fails to allege any "false or misleading representations made by [Defendants] in their communication to Plaintiff that would give rise to liability under § 1692e."[30] We do not interpret Gregg to be alleging a violation of § 1692e but to the extent he is, we agree with Defendants and dismiss such a claim. Gregg's complaint fails to allege a "false or misleading" statement. Instead, he focuses on the bank's layers allegedly failing to respond to his debt validation request.

Finally, Defendants argue Gregg fails to state a UTPCPL claim. Gregg is not clear with regard to this count. We agree with Defendants in interpreting his allegations as accusing them of violating the statute of limitations relating to revival of judgment liens.[31] The section states actions for revival of a judgment lien on real property must be commenced within five (5) years.[32] We find § 5526 does not apply to foreclosure proceedings.[33] As the statute does not apply, we dismiss the UTPCPL claim based on a violation of § 5526.

### III.   CONCLUSION

In the accompanying Order, we dismiss Gregg's claims as he did not plead sufficient facts but we grant him leave to timely amend his complaint to allege, if he can in good faith, the bank's lawyers violated § 1692g of the Act. Gregg must allege facts showing he timely disputed the alleged debt and the bank's lawyers failed to timely verify the alleged debt. His remaining claims are dismissed with prejudice.

---

[1] As Defendants note, the caption of Gregg's complaint only refers to Defendants Cressman and Davis while the entirety of the complaint refers to the Phelan Firm also. To the extent Gregg's complaint contemplates the Phelan Firm as a defendant, our analysis applies with equal force.

[2] (ECF Doc. No. 5, at ¶ 4.)

[3] (*Id.* at Ex. A.)

[4] (*Id.*)

[5] (*Id.*)

[6] (*Id.*)

[7] (ECF Doc. No. 9, at Ex. H.)

[8] (*Id.*)

[9] (*Id.* at Ex. A.)

[10] (*Id.*)

[11] (*Id.*)

[12] (*Id.*)

---

[13] (ECF Doc. NO. 5, at ¶ 9.)

[14] (*Id.*)

[15] (*Id.* at ¶ 10.)

[16] (*Id.* at ¶ 18.) Gregg also alleges this court is "authorized to issue all equitable relief" under what he refers to as the "FTC Act". (ECF Doc. No. 5, at ¶ 14, citing 15 U.S.C. § 41, *et seq.*) Gregg relies on §§ 53(b) and 57(b) but these sections only provide the Federal Trade Commission ("FTC") the authority to bring an action when it believes a violation of the those provisions has occurred. Because Gregg is not the FTC, he has not standing to pursue a cause of action under those sections.

Gregg additionally references the Real Estate Settlement Procedures Act, 12 U.S.C. § 2614 ("RESPA"), in his complaint. Gregg specifically refers to § 2605(e)(1)(B) which relates to the servicing of loans. (ECF Doc. No. 5, at ¶ 10.) This provision applies to "servicers" of loans, defined as "the person responsible for servicing the loan." § 2605(i)(2). Servicing means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amount in escrow accounts [.]" § 2605(i)(3). Gregg does not name a "servicer" in his Complaint and cannot pursue a claim under RESPA.

[17] (*Id.* at ¶ 16.)

[18] A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be treated as either a "facial" or "factual" attack on a court's jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial attack, a court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 176; see also Fed. R. Civ. P. 10(c) (a copy of a written instrument that is attached to a pleading as an exhibit is part of the pleading for all purposes). A court accepts as true the allegations of the complaint under a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 257-60 (3d Cir. 2014).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a failure to state a claim upon which relief can be granted examines the sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs set forth "a short and plain statement of the claim," which gives the defendant " 'fair notice of what the ... claim is and the grounds upon which it rests.' " *Connelly v. Lane Construction Corp.*, —F.3d—, 2016 WL 106159, *3 (3d Cir. Jan. 11, 2016) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (alteration in original). The complaint need not contain "detailed factual allegations" but rather "sufficient factual matter to show that the claim is facially plausible, thus enabling the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the

complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir.2010) (alteration in the original) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)). We must "accept all the factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp.*, 643 F.3d at 84 (alteration in original) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient " 'to raise a right to relief above the speculative level.' " *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir.2013) (quoting *Twombly,* 550 U.S. at 555).

[19] (ECF Doc. No. 9)

[20] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

[21] *Exxon Mobil*, 544 U.S. at 284.

[22] *Id.* at 292.

[23] *Great Western*, 615 F.3d at 166 (citing *Exxon Mobil*, 544 U.S. at 284).

[24] *Id.*

[25] *Reiter v. Washington Mut. Bank*, 455 F. App'x 188, 188 (3d Cir. 2011).

[26] See *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir. 2008).

[27] *Sherk v. Countrywide Home Loans, Inc.*, No. 08-5969, 2009 WL 2412750, *5-6 (E.D. Pa. Aug. 5, 2009); *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962, *2-3 (E.D. Pa. July 23, 2008).

[28] (ECF Doc. No. 4, at ¶ 9.)

[29] (*Id.*)

[30] (ECF Doc. No. 9-1, at 14.)

[31] 42 Pa. Cons. Stat. § 5526.

[32] *Id.*

[33] See *Steinhardt v. Russian Orthodox Catholic Mut. Aid Soc. of U.S.*, 77 A.2d 393, 395 (Pa. 1951); *Bank of New York v. Brown*, No. 11365-2007, 2014 WL 10589065, *2-3 (Ct. C.P.

Lawrence Cnty. Jan. 23, 2014) (finding mortgage foreclosure proceeding not affected by § 5526).